# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**AMY LOPEZ,**

                    **Plaintiff,**

**v.**                                                    **Case No:  6:15-cv-900-Orl-22DCI**

**CITY OF ORLANDO, WILLIAM**
**WEAVER, NAHOUM DANIEL, TERRY**
**BEAVER and ED MICHAELS,**

                    **Defendants.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS AND AFFIDAVIT (Doc. 37)** |
| **FILED:** | **January 13, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

## I.       BACKGROUND

On June 4, 2015, Plaintiff, who was represented by counsel, filed a complaint (the Complaint) against Defendants alleging various causes of action on the grounds that she was unlawfully arrested and subjected to the use of excessive force.  Doc. 1.  Plaintiff paid the required filing fee.  Doc. 1.

On September 6, 2016, Defendants timely filed their Motion for Summary Judgment.  Doc. 28.  Plaintiff's responded to same on September 27, 2016.  Doc. 30.

On December 14, 2016, the Court entered an Order granting Defendants' Motion for Summary Judgement as to Plaintiff's federal claims. Doc. 33. The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, and dismissed the state law claims without prejudice. *Id*. The Court entered judgment in favor of Defendants and closed the case. Doc. 33; 34.

On January 13, 2017, Plaintiff, proceeding *pro se*, filed a Notice of Appeal. Doc. 36. On that same date, Plaintiff filed a Motion for Permission to Appeal In Forma Pauperis and Affidavit (the Motion). Doc. 37. Plaintiff used the form motion provided on the Eleventh Circuit Court of Appeals' website. *Id*. But Plaintiff did not respond to the form motion's first question, which asked Plaintiff to specify the issues on which she is appealing. *Id*.

## II.    DISCUSSION

"An appeal may not be taken *in forma pauperis* if the trial court certified in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3) (italics added); *see also* Fed. R. App. P. 24(a)(3). Whether an appeal is taken in good faith is a matter within the discretion of the trial court. *See Busch v. Cty. of Volusia*, 189 F.R.D. 687, 692 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). Good faith in this context must be judged by an objective standard. *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d

528, 531 (11th Cir. 2002) (discussing § 1915(e)(2)(B)); *see also Brown v. United States*, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

As noted above, Plaintiff failed to advise the Court of the purported issues on appeal as required by the form motion provided on the Eleventh Circuit Court of Appeals' website.  Doc. 37.  Without knowing Plaintiff's basis for the appeal, the undersigned cannot determine if Plaintiff's appeal is taken in good faith.  Further, the undersigned notes that Plaintiff stated in her Motion that she had an average total monthly income of $16,979.74 in the twelve months preceding the Motion.[1]  Doc. 37 at 2.  To the extent that this is an accurate representation of Plaintiff's average total monthly income, Plaintiff is not a pauper.

Accordingly, upon due consideration and for the reasons set forth above, it is **RECOMMENDED** that:

1.  Plaintiff's Motion (Doc. 37) be **DENIED without prejudice**; and

2.  Plaintiff be directed to file a renewed motion to proceed *in forma pauperis* that identifies the issues on appeal and that corrects, to the extent it was the result of a mistake, Plaintiff's average total monthly income in the twelve months preceding the Motion.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[1] It is possible this is the result of an error, where Plaintiff listed her yearly income instead of her average monthly income for the twelve months preceding the Motion.

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1.

      Recommended in Orlando, Florida on January 23, 2017.


DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy